UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERZY P. LOZINSKI AND JOANNA LOZINSKI,<br><br>Plaintiffs,<br><br>v.<br><br>BLACK BEAR LODGE, LLC, THE BLACK BEAR LODGE-A CONDOMINIUM ASSOCIATION, JOHN DOES AND JANE ROES 1-10, fictitious individuals, and ABC Corp. and DEF Corp. 1-10, fictitious corporations,<br><br>Defendants. | Civ. No. 16-7963 (KM) (JBC)<br><br>OPINION |

## KEVIN MCNULTY, U.S.D.J.:

Plaintiffs Jerzy P. Lozinski ("Jerzy") and Joanna Lozinski (collectively, the "Lozinskis") brought this action against Defendants Black Bear Lodge, LLC, and The Black Bear Lodge – A Condominium Association (collectively "Black Bear") for personal injuries. Residents of New Jersey, the Lozinski family rented a condo unit at Black Bear, a New Hampshire resort, where Mr. Lozinski unfortunately suffered a slip and fall.[1] Now before the Court is Black Bear's motion to dismiss the Lozinskis' amended complaint (the "Complaint")[2] for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).[3]

---

[1] Waterville Company, Inc., ("Waterville") was erroneously identified in the original complaint as a defendant. (Nov. 14, 2016 Letter from Plaintiff's Counsel, ECF no. 5) On November 14, 2016, Plaintiffs filed an amended complaint to correct the error (ECF no. 4), and Waterville was terminated as a defendant on November 16, 2016.

[2] Record items cited repeatedly will be abbreviated as follows

"Compl." =   Amended Complaint (ECF no. 4)

1

For the reasons stated below, I find that the Lozinskis have failed to establish this Court's personal jurisdiction over Black Bear, and I shall deny the Lozinskis' request for leave to file a Second Amended Complaint. I will, however, transfer this case to the United States District Court for the District of New Hampshire.

## I. BACKGROUND

Plaintiffs, the Lozinskis, are New Jersey citizens. (Compl. ¶ 2) Defendants, Black Bear Lodge, LLC, and The Black Bear Lodge – A Condominium Association, are both entities organized under New Hampshire law and have their principal offices or place of business in New Hampshire. (Id. ¶¶ 4–5)

---

| "Def. Mot." = | Motion to Dismiss for Lack of Jurisdiction (ECF no. 8) |
| --- | --- |
| "Pl. Opp." = | Plaintiffs' Reply Brief in Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint Claiming Lack of Jurisdiction and Alternatively, For Leave to File a Second Amended Complaint (ECF no. 9) |
| "2AC" = | Plaintiffs' Proposed "Second Amended Complaint" (ECF no. 9, pp. 15–30) |
| "Def. Reply" = | Defendants' Reply Brief (ECF no. 10) |

3   Black Bear seeks "an Order dismissing the Complaint for lack of personal jurisdiction and diversity as required pursuant to 28 U.S.C. Section 1332." (Def. Mot. 1) Black Bear asserts that no brief is necessary because "the Complaint on its face fails to demonstrate compliance with the requirement of 28 U.S.C. Section 1332." (Id.; see also Local Civ. R. 7.1(4) (in an appropriate case, "a party may file a statement that no brief is necessary and the reasons therefor").

However, the Complaint does *not* on its face fail to demonstrate compliance with 28 U.S.C. § 1332(a), the source of a federal district court's diversity jurisdiction. The Complaint alleges that "the amount in controversy exceeds seventy-five thousand dollars ($75,000) and Plaintiffs are citizens of a state, which is different from the state where Defendants are incorporated and have their principal place of business." (Compl. ¶ 7)

Black Bear's motion can only reasonably be understood as a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). Both sides' arguments in the opposition and reply briefs are solely directed to that issue. (See Pl. Opp. 8–11; Def. Reply 1–3)

2

In August 2014, the Lozinskis viewed Black Bear's website (2AC ¶ 8), and then reserved a condo unit at Black Bear Lodge for the upcoming Thanksgiving holiday weekend.[4] (Compl. ¶ 8) On November 27, 2014, the Lozinskis and their three children arrived at Black Bear's premises. (*Id.* ¶ 11) The following evening, Jerzy used the elevated outdoor hot tub located near the Lozinskis' condo unit. (*Id.* ¶ 13) Upon exiting the hot tub, Jerzy observed ice on the top step of the hot tub staircase, and he leaned on a hand railing for support. The complaint alleges that the railing collapsed and that, as a result, Jerzy fell down the staircase and was injured. (*Id.* ¶¶ 17–20)

On October 27, 2016, the Lozinskis filed suit here in the United States District Court for the District of New Jersey, asserting various causes of actions in tort against Black Bear.

## II. LEGAL STANDARDS AND DISCUSSION

### A. Personal Jurisdiction Standard

Once a defendant files a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing sufficient facts to show that jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007). Initially, a court must accept the

---

[4] The Lozinskis' opposition brief provides additional details:

> In the summer of 2014, plaintiffs decided to take their family to New England ski country for the upcoming Thanksgiving holiday. Plaintiff, Joanna, went on the internet to a website known as "www.ownerdirect.com." Said website, advertises "vacation rentals" by country and in the case of the U.S., by state. Plaintiff, Joanna, chose the link provided for New Hampshire, where she was presented with numerous rental opportunities, including offerings in Waterville Valley, New Hampshire. In the course of reviewing the rentals presented, including some offered by defendant, Black Bear. She proceeded to go to defendant, Black Bear Lodge's, website "www.blackbearlodge.com," which provided detail about this condominium resort facility.
>
> In August of 2014, Plaintiff, Joanna. called defendant Black Bear, on the telephone, reserved one of Black Bear's rental units for the Thanksgiving holiday and paid the required deposit.

(Pl. Opp. 4)

plaintiff's allegations as true and construe disputed facts in favor of the plaintiff. *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). Where factual allegations are disputed, however, the court must examine any evidence presented. *See, e.g., Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155–56 (3d Cir. 2010) (examining the evidence supporting the plaintiff's allegations); *Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990) ("'A Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence.'") (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

The plaintiff "need only establish a prima facie case of personal jurisdiction." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). However, a plaintiff may not "rely on the bare pleadings alone" in order to withstand a motion to dismiss for lack of personal jurisdiction. "Once the motion is made, plaintiff must respond with actual proofs, not mere allegations." *Patterson*, 893 F.2d at 604 (internal citations omitted); *Time Share Vacation Club*, 735 F.2d at 66 n.9.

To assess whether it has personal jurisdiction over a defendant, a district court must undertake a two-step inquiry. *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254, 259 (3d Cir. 1998). First, the court is required to use the relevant state's long-arm statute to see whether it permits the exercise of personal jurisdiction. *Id.*; Fed. R. Civ. P. 4(k). "Second, the court must apply the principles of due process" under the federal Constitution. *WorldScape, Inc. v. Sails Capital Mgmt.*, Civ. No. 10-4207, 2011 WL 3444218 (D.N.J. Aug. 5, 2011) (citing *IMO Indus.*, 155 F.3d at 259).

In New Jersey, the first step collapses into the second because "New Jersey's long-arm statute provides for jurisdiction coextensive with the due

4

process requirements of the United States Constitution." *Miller Yacht Sales,* 384 F.3d at 96 (citing N.J. Ct. R. 4:4-4(c)). Accordingly, personal jurisdiction over a non-resident defendant is proper in this Court if the defendant has "'certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154 (1945)).

There are two kinds of personal jurisdiction that allow a district court to hear a case involving a non-resident defendant: general and specific. A court may exercise general jurisdiction over a foreign corporation where "the defendant's contacts with the forum are so 'continuous and systematic' as to render them essentially 'at home' in the forum state." *Senju Pharmaceutical Co., Ltd. v. Metrics, Inc.,* 96 F. Supp. 3d 428, 435 (D.N.J. 2015) (citing *Daimler AG v. Bauman,* — U.S. —, 134 S. Ct. 746, 754 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown,* — U.S. —, 131 S. Ct. 2846, 2851 (2011); *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S. Ct. 1868 (1984)).

In contrast to general jurisdiction, specific jurisdiction relies on the defendant's forum-related activities that give rise to the plaintiffs' claims. *See Helicopteros,* 466 U.S. at 414 n.8, 104 S. Ct. 1872. Establishing specific jurisdiction requires a three-part inquiry: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co., Ltd.,* 496 F.3d 312, 317 (3d Cir. 2007). The defendant need not be physically located in the state while committing the alleged acts. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S. Ct. 2174 (1985). Nor is specific jurisdiction defeated merely because the bulk of harm occurred outside the forum. *Keeton v. Hustler*

*Magazine, Inc.*, 465 U.S. 770, 780, 104 S. Ct. 1473 (1984). A single act may satisfy the minimum contacts test if it creates a substantial connection with the forum. *Burger King*, 471 U.S. at 476 n. 18, 105 S. Ct. 2174.

### B. Personal Jurisdiction in this Case

Here, the Lozinskis have not established that this Court possesses general or specific personal jurisdiction over Black Bear. The Lozinskis first rely on the contractual relationship itself: the contract with New Jersey citizens formed when the Lozinskis reserved and then paid for the condo unit, they say, establishes the necessary minimum contacts with New Jersey. (Pl. Opp. 9–10) Alternatively, the Lozinskis rely on Black Bear's internet presence. Because Black Bear markets its lodging accommodations across state lines to anyone with an internet connection, they say, it is reasonable to require Black Bear to defend itself against a lawsuit in any jurisdiction where it has "extract[ed] some commercial benefit from a citizen." (*Id.* at 10)[5] Both of the Lozinskis' arguments lack merit.

First, the bare fact that a defendant contracted with an out-of-state plaintiff does not meet the first part of the three-part specific jurisdiction inquiry: the existence of a contract does not demonstrate that the defendant purposefully directed its activities at the out-of-state forum. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 338 (3d Cir. 2009) ("[I]t is well established . . . that *a nonresident's contracting with a forum resident, without more, is insufficient to establish the 'minimum contacts' required* for an exercise

---

[5] The facts about Black Bear's internet presence are not alleged in the complaint. The Lozinskis have attached a proposed Second Amended Complaint to their brief in which they allege that Black Bear operates a commercial website (2AC ¶¶ 4, 6) and that the Lozinskis made their reservation after reviewing that website. (*Id.* ¶ 8) They ask that, should the Court dismiss the Complaint, they be granted leave to file the Second Amended Complaint. I consider the internet argument on this motion, and find it legally inadequate. Amendment would therefore be futile.

of personal jurisdiction over the nonresident.") (emphasis in original) (quoting *Sunbelt Corp. v. Noble, Denton & Assoc., Inc.*, 5 F.3d 28, 32 (3d Cir. 1993)).

Second, the Third Circuit has specifically rejected arguments nearly identical to the Lozinskis' contention that this Court has specific personal jurisdiction over Black Bear because it, "conduct[s] business, in part, by making rental units available to New Hampshire citizens and out of state citizens, including Plaintiffs, as citizens of New Jersey, through advertising and offerings posted on internet websites, availing itself of the opportunity to benefit from the solicitation of anyone in possession of a personal computer." (2AC ¶ 6) As the Third Circuit has observed:

> the mere operation of a commercially available web site should not subject the operator to jurisdiction anywhere in the world. Rather, there must be evidence that the defendant "purposefully availed" itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts.

*Toys "R" Us Inc. v. Step Two, S.A.*, 318 F.3d 446, 452–53 (3d Cir. 2003)). Further, in a recent non-precedential case, a Third Circuit panel held that maintaining even an "interactive website . . . fails to qualify as purposeful contact." *Rocke v. Pebble Beach Co.*, 541 F. App'x 208, 211 (3d Cir. 2013) (citing *id.*).

Nothing in this record suggests that Black Bear's website directly targeted New Jersey, or that Black Bear knowingly interacted with New Jersey residents through the website. In fact, Joanna Lozinski made the reservation by phone rather than through the website. (Pl. Opp. 4)

Under the circumstances—whether as alleged in the Complaint or the proposed Second Amended Complaint—Black Bear did not purposefully direct its activities toward New Jersey and its citizens. Accordingly, this Court lacks personal jurisdiction over the defendants.

### C. Transfer

Although the Lozinskis have not raised the possibility of transfer, the Court may *sua sponte* cure a jurisdictional defect by transferring the case under 28 U.S.C. § 1631. *See Faulkenburg v. Weir*, 350 Fed. Appx. 208, 209 (10th Cir. 2009); *see also Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 218 n.9 (3d Cir. 2002) (pointing out that district court "had authority, if it found that it lacked *in personam* jurisdiction," to transfer action to another district court with personal jurisdiction over defendants, and recognizing that district court had ability to do so *sua sponte*).

If a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631. I find that it is in the interest of justice to transfer this case to a district where a court may properly exercise personal jurisdiction over Black Bear, "rather than dismiss the case and force the [p]laintiffs to refile and restart in another jurisdiction." *Farber v. Tennant Truck Lines, Inc.*, 84 F. Supp. 3d 421, 435 (E.D. Pa. Feb. 9, 2015). Both defendants are entities organized under New Hampshire law and have their principal offices or place of business in New Hampshire; as such, they are subject to general personal jurisdiction there. *See Daimler AG v. Bauman*, — U.S. —, 134 S. Ct. 746, 760 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." (internal quotation marks and citation omitted)). Accordingly, I will transfer this case to the United States District Court for the District of New Hampshire.

### III. CONCLUSION

For the foregoing reasons, I conclude that the Lozinskis have failed to allege facts which, if true, would establish that this Court has personal jurisdiction over the defendants. I shall deny the Lozinskis' request for leave to file a Second Amended Complaint on grounds of futility, because the proposed

amendments would not cure the jurisdictional defects. I will however, in the interest of justice, transfer this case to the District of New Hampshire.

An appropriate Order follows.

Dated: April 10, 2017

_____
HON. KEVIN MCNULTY, U.S.D.J.